UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RADLEY BRADFORD,

Plaintiff,

v.

CAPITAL ONE AUTO FINANCE, INC.,

Defendant.

Case No. 4:23-cv-02808

# COMPLAINT

**NOW COMES**, Radley Bradford ("Plaintiff"), by and through his undersigned attorney, complaining as to the conduct of CAPITAL ONE AUTO FINANCE, INC. ("Defendant" or "Capital One"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681.

### PARTIES

2. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in Houston, Texas.

3. Capital One is a prominent banking institution organized and existing under the laws of the state of Texas.

### JURISDICTION AND VENUE

4. Subject matter jurisdiction is conferred upon this Court by the FCRA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within the Southern District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

### FACTS SUPPORTING CAUSE OF ACTION

6. On February 26, 2018, Plaintiff opened a credit card account, which was issued through Capital One ("subject account").

7. As a result of the Covid-19 pandemic, Plaintiff experienced financial difficulty and was unable to remain current on the subject account.

8. Subsequently thereafter, Plaintiff sought relief through Capital One to assist with his delinquent subject account.

9. After seeking the relief from Capital One, Plaintiff was told that Capital One will not be reporting any delinquent items on his credit file during his relief period and will put the subject account in forbearance.

10. Specifically, Plaintiff relied on the promises of the CARES ACT, a Covid-19 Economic Relief Program, to protect his good standing consumer status.

11. Despite agreeing to cease reporting derogatory information during the relief period, Capital One continued to report Plaintiff as past due and delinquent during the Capital One Covid relief period.

12. Consequently, on February 7, 2021, August 8, 2021, February 12, 2023, and March 10, 2023, initiated disputes with Experian as Plaintiff routinely checks his credit reports and discovered that the subject account was still reporting as delinquent during Plaintiff's relief period.

13. Upon information and belief, Capital One received notice of Plaintiff's dispute and all relevant information from Experian within five days of Experian receiving Plaintiff's dispute. See 15 U.S.C. §1681i(a)(2).

14. Defendant failed, on four occasions, to respond to Plaintiff's disputes and did not investigate Plaintiff's claims.

15. Much to Plaintiff's chagrin, Plaintiff found that Defendant continued to report the subject account as delinquent and failed to mark it as disputed.

16. Furthermore, Plaintiff has unfortunately missed out on prime lines of credit opportunities that he may have otherwise qualified for before Defendant's negative credit reporting.

### IMPACT OF DEFENDANT'S FAILURE TO RESPOND & INVESTIGATE

17. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to obtain financing and/or credit opportunities, and to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

18. As a result of the conduct, actions, and inactions of Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, decreased credit score, tracking the status of his disputes, monitoring his credit files, and mental and emotional pain and suffering.

19. On August 21, 2022, Plaintiff was denied a loan due to Defendant's inaccurate credit reporting.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

20. Plaintiff restates and realleges all paragraphs as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

22. Plaintiff is a "person" as defined by 15 U.S.C. §1681a(b).

23. Capital One is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

24. At all times relevant, the above-mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

25. Capital One violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving a request for an investigation from Experian and Plaintiff.

26. Capital One violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, namely the information regarding the subject account.

27. Had Capital One reviewed the information provided by Experian and Plaintiff, it would have discovered that the subject account were erroneously reporting as delinquent during the Covid relief period. Instead, Capital One wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

28. Capital One violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the complete results of the investigation of Plaintiff's dispute with Experian.

29. Capital One violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation to Capital One after being put on notice and discovering inaccurate, incomplete, and misleading information with respect to the Capital One account.

30. Capital One violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information from appearing and reappearing on Plaintiff's Experian credit report.

31. Capital One failed to conduct a reasonable investigation of its reporting of the Capital One account or delete the inaccurate information from Plaintiff's Experian credit report within 30 days of receiving notice of Plaintiff's disputes from Experian under 15 U.S.C. §1681i(a)(1).

32. Despite the blatantly obvious errors in Plaintiff's Experian credit report, and Plaintiff's efforts to correct the error, Capital One did not correct the error or the subject account to report accurately. Instead, Capital One wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

33. A reasonable investigation by Capital One would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains on Plaintiff's Experian credit report.

34. Had Capital One taken adequate steps to investigate Plaintiff's valid disputes or Experian's request for investigation, it would have permanently corrected the erroneous and materially misleading information regarding the Capital One account.

35. Plaintiff provided all relevant information to support his valid dispute in his request for investigation, yet Capital One ignored the supporting evidence and continued to report the inaccurate and materially misleading information regarding the Capital One account.

36. By deviating from the standards established by the credit industry and the FCRA, Capital One acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Experian.

**WHEREFORE,** Plaintiff RADLEY BRADFORD respectfully prays this Honorable Court for the following relief:
   a. Finding that the practices complained of herein are unlawful and violate the FCRA;
   b. Ordering Capital One to delete all of the inaccurate information from Plaintiff's Experian credit report;
   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Awarding Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations pursuant to 15 U.S.C. §1681n;

e. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n;

f. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 31, 2023

Respectfully submitted,

/s/ *Marwan R. Daher*
Marwan R. Daher, Esq.
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
mbadwan@sulaimanlaw.com